# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| STATE OF SOUTH CAROLINA, <br><br> SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, <br><br> and <br><br> SAVANNAH RIVER MARITIME COMMISSION, <br><br>                Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, SAVANNAH DISTRICT; <br><br> RYAN MCCARTHY, In his official capacity as Secretary of the Army; <br><br> LT. GENERAL TODD T. SEMONITE, In his official capacity as Commanding General and Chief of Engineers, U.S. Army Corps Of Engineers; <br><br> MAJOR GENERAL DIANA M. HOLLAND, In her official capacity as Commanding General, South Atlantic Division, U.S. Army Corps of Engineers; <br><br> and <br><br> COLONEL DANIEL H. HIBNER, In his official capacity as District Engineer, U.S. Army Corps of Engineers, Savannah District, <br><br>                Defendants. | C/A NO.:  1:19-cv-3132-RMG <br><br><br> **ANSWER** |

Defendant Georgia Ports Authority ("GPA"), answering the Complaint of the Plaintiffs in this action, would respectfully show unto the Court as follows:

## FOR A FIRST DEFENSE

1. GPA denies each and every allegation of the Complaint except as specifically and expressly admitted herein.

2. GPA admits the allegations of paragraphs 1, 4, 5, 6, 7, 8, 9, 10 and 11 of the Complaint upon information and belief.

3. The allegations of paragraphs 2, 3, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46 state legal conclusions to which no response is required.

4. In response to paragraphs 47, 48 and 49 of the Complaint, GPA states that the referenced documents speak for themselves, and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

5. GPA admits the allegations of paragraph 50 of the Complaint.

6. GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 51 and 52 of the Complaint.

7. Paragraphs 53, 54, 55, 56, 57, 58, 59 and 60 of the Complaint state legal conclusions to which no response is required.

8. GPA admits paragraphs 61 and 62 of the Complaint.

9. GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 63, 64, 65, 66 and 67 of the Complaint.

10. In response to paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 and 80, GPA states that the referenced documents speak for themselves, and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

11. GPA admits the allegations of paragraphs 81, 82 and 83 of the Complaint.

12. In response to paragraphs 84, 85, 86, 87, 88, 89 and 90, GPA states that the referenced documents speak for themselves, and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

13. GPA denies paragraphs 91 of the Complaint.

14. Paragraphs 92, 93, 94, 95 and 96 of the Complaint state legal conclusions to which no response is required.

15. GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 97 and 98 of the Complaint.

16. In response to paragraphs 99, 100, 101, 102, 103, 104, 105, 106, 107 and 108 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

17. GPA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 109, 110 and 111 of the Complaint.

18. Paragraphs 112 and 113 state legal conclusions to which no response is required.

19. In response to paragraphs 114 and 115 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of the Complaint to the extent inconsistent therewith.

20. Paragraph 116 of the Complaint states a legal conclusion to which no response is required.

21. In response to paragraphs 117, 118, 119, 120, 121 and 122 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of the Complaint to the extent inconsistent therewith.

22. GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 123, 124, 125, 126 and 127 of the Complaint.

23. In response to paragraphs 128, 129 and 130 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of the Complaint to the extent inconsistent therewith.

24. Paragraph 131 of the Complaint states a legal conclusion to which no response is required.

25. In response to paragraphs 132, 133 and 134 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of the Complaint to the extent inconsistent therewith.

26. Paragraphs 135, 136 and 137 of the Complaint state legal conclusions to which no response is required.

27. In response to paragraphs 138 of the Complaint, GPA incorporates the foregoing paragraphs by reference.

28. Paragraphs 139, 140 and 141 state legal conclusions to which no response is required.

29. In response to paragraphs 142, 143 and 144, GPA states that the referenced documents speak for themselves and denies all allegations of the Complaint inconsistent therewith.

30. Paragraphs 145 and 146 state legal conclusions to which no response is required.

31. GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 of the Complaint.

32. Paragraphs 148 and 149 of the Complaint state legal conclusions to which no response is required.

33. In response to paragraph 150 of the Complaint, GPA incorporates the foregoing paragraphs of this Answer.

34. Paragraphs 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168 and 169 of the Complaint state legal conclusions to which no response is required.

35. In response to paragraph 170 of the Complaint, GPA incorporates the foregoing paragraphs of this Answer.

36. In response to paragraphs 171, 172, 173 and 174 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of the Complaint to the extent inconsistent therewith.

37. GPA denies the allegations of 175, 176, 177 and 178 of the Complaint.

38. In response to paragraph 179 of the Complaint, GPA incorporates the foregoing paragraphs of this Answer.

39. In response to paragraphs 180 and 181 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of the Complaint to the extent inconsistent therewith.

40. Paragraphs 182, 183 and 184 state legal conclusions to which no response is required.

41. GPA denies paragraph 185, 186 and 187 of the Complaint.

42. In response to paragraph 188 of the Complaint, GPA incorporates the paragraphs of this Answer.

43. In response to paragraphs 189, 190 and 191 of the Complaint, the referenced documents speak for themselves and GPA denies all allegations of the Complaint inconsistent therewith.

44. GPA admits paragraphs 192 and 193 of the Complaint.

45. GPA denies paragraphs 194, 195, 196 and 197 of the Complaint.

46. In response to paragraph 198 of the Complaint, GPA incorporates the foregoing paragraphs of this Answer.

47. Paragraphs 199, 200, 201, 202, 203, 204, 205, 206 and 207 of the Complaint state legal conclusions to which no response to required.

48. GPA denies that Plaintiffs are entitled to any relief, and prays their Complaint be dismissed.

### FOR A SECOND DEFENSE

49. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

50. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted, and therefore should be dismissed, in whole or in part.

### FOR A THIRD DEFENSE

51. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

52. Plaintiffs' claims are precluded by the terms of the Settlement Agreement.

### FOR A FOURTH DEFENSE

53. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

54. GPA has complied with all terms of the Settlement Agreement.

### FOR A FIFTH DEFENSE

55. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

56. Plaintiffs are not entitled to the relief they seek because they have waived their rights.

### FOR A SIXTH DEFENSE

57. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

58. If the Settlement Agreement was breached, it was due to impossibility of performance.

### FOR A SEVENTH DEFENSE

59. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

60. The Biological Opinion is a final agency action entitled to deference by the Court. Plaintiffs are not entitled to the relief they seek to the extent the relief is not authorized by or consistent with the Biological Opinion, or to the extent the relief seeks reconsideration of that final agency action.

|  | s/ *Rita Bolt Barker*<br>Rita Bolt Barker (USDC FED ID No. 10566)<br>Gregory J. English (USDC FED ID No. 5737)<br>**WYCHE, P.A.**<br>200 East Camperdown Way |
|---|---|

|  |  |
|---|---|
|  | Greenville, SC  29601<br>Email: rbarker@wyche.com<br>gengish@wyche.com<br>Telephone: (864) 242-8200<br>Facsimile: (864) 235-8900<br>***Attorneys for Intervenor-Defendant Georgia Ports Authority***<br><br>Of Counsel:<br><br>Susan H. Richardson (***Pro Hac Vice to be submitted***)<br>Ronald L. Raider (***Pro Hac Vice to be submitted***)<br>**KILPATRICK TOWNSEND & STOCKTON, LLP**<br>1100 Peachtree Street,<br>Suite 2800<br>Atlanta, GA 30309<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>srichardson@kilpatricktownsend.com<br>rraider@kilpatricktownsend.com<br><br>Paul H. Threlkeld (***Pro Hac Vice to be submitted***)<br>Special Assistant Attorney General<br>**OLIVER MANER LLP**<br>Post Office Box 10186<br>Savannah, Georgia 31412<br>(912) 236-3311<br>pht@olivermaner.com |
| January 21, 2020 |  |

8