# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| STATE OF SOUTH CAROLINA; <br><br> SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL; <br><br> SAVANNAH RIVER MARITIME COMMISSION; and <br><br> AUGUSTA, GEORGIA, <br><br>            Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, SAVANNAH DISTRICT; <br><br> RYAN MCCARTHY, In his official capacity as Secretary of the Army; <br><br> LT. GENERAL TODD T. SEMONITE, In his official capacity as Commanding General and Chief of Engineers, U.S. Army Corps Of Engineers; <br><br> MAJOR GENERAL DIANA M. HOLLAND, In her official capacity as Commanding General, South Atlantic Division, U.S. Army Corps of Engineers; <br><br> COLONEL DANIEL H. HIBNER, In his official capacity as District Engineer, U.S. Army Corps of Engineers, Savannah District; and <br><br> GEORGIA PORTS AUTHORITY, <br><br>            Defendants. | C/A NO.: 1:19-cv-3132-RMG <br><br><br> **GEORGIA PORTS AUTHORITY'S ANSWER TO COMPLAINT IN INTERVENTION BY AUGUSTA, GEORGIA** |

Defendant Georgia Ports Authority ("GPA"), answering the Complaint in Intervention (the "Complaint") of the Plaintiff Augusta, Georgia ("Augusta") in this action, would respectfully show unto the Court as follows:

## FOR A FIRST DEFENSE

1.  GPA denies each and every allegation of the Complaint except as specifically and expressly admitted herein.

2.  The introductory paragraph of the Complaint states legal conclusions to which no response is required.

3.  GPA admits the allegations of paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 of the Complaint upon information and belief.

4.  The allegations of paragraphs 12, 13, and 14 of the Complaint state legal conclusions to which no response is required.

5.  GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31 of the Complaint.

6.  The allegations of paragraphs 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68 of the Complaint state legal conclusions to which no response is required.

7.  In response to paragraphs 69 and 70 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

8.  GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint.

9. GPA admits the allegations of paragraph 72 of the Complaint.

10. GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 73, 74, 75, 76, 77, 78, 79, 80, and 81, of the Complaint, but denies paragraph 74 of the Complaint to the extent it concerns the current SHEP project.

11. In response to paragraphs 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, and 95 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

12. GPA admits the allegations of paragraphs 96, 97, and 98 of the Complaint.

13. In response to paragraphs 99, 100, 101, 102, 103, 104, 105, 106, 107, and 108 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

14. The allegations of paragraphs 109, 110, 111, 112, 113, and 114 of the Complaint state legal conclusions to which no response is required.

15. In response to paragraphs 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, and 127 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

16. GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 128, 129, 130, and 131 of the Complaint.

17. The allegations of paragraph 132 of the Complaint state a legal conclusion to which no response is required.

18. In response to paragraphs 133, 134, 135, 136, 137, 138, 139, 140, and 141 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

19. In response to paragraphs 142 and 143 of the Complaint, GPA states that the Corps holds certain permits from South Carolina and Georgia and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

20. In response to paragraphs 144 and 145 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

21. The allegations of paragraphs 146 and 150 of the Complaint state legal conclusions to which no response is required.

22. In response to paragraphs 147, 148, 149, 151, 152, and 153 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of those paragraphs of the Complaint to the extent inconsistent therewith.

23. The allegations of paragraphs 154, 155, and 156 of the Complaint state legal conclusions to which no response is required.

24. In response to paragraphs 157 of the Complaint, GPA incorporates the foregoing paragraphs by reference.

25. The allegations of paragraphs 158, 159, and 160 of the Complaint state legal conclusions to which no response is required.

26. In response to paragraphs 161, 162, 163, 164, 165, and 166 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of the Complaint inconsistent therewith.

27. GPA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 167 of the Complaint.

28. The allegations of paragraphs 168 and 169 of the Complaint state legal conclusions to which no response is required.

29. In response to paragraph 170 of the Complaint, GPA incorporates the foregoing paragraphs of this Answer.

30. The allegations of paragraphs 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, and 189 of the Complaint state legal conclusions to which no response is required.

31. In response to paragraph 190 of the Complaint, GPA incorporates the foregoing paragraphs of this Answer.

32. In response to paragraphs 191, 192, 193 and 194 of the Complaint, GPA states that the referenced documents speak for themselves and denies all allegations of the Complaint to the extent inconsistent therewith.

33. The allegations of paragraphs 195 and 196 of the Complaint state legal conclusions to which no response is required.

34. In response to paragraph 197 of the Complaint, GPA incorporates the foregoing paragraphs of this Answer.

35. The allegations of paragraphs 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, and 230 of the Complaint state legal conclusions to which no response is required.

36. GPA denies that Augusta is entitled to any relief from it or any relief that would delay inner harbor dredging of the Savannah Harbor, and prays its Complaint be dismissed to the extent it seeks such relief.

**FOR A SECOND DEFENSE**

37. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

38. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted, and therefore should be dismissed, in whole or in part.

**FOR A THIRD DEFENSE**

39. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

40. To the extent Augusta seeks any relief from GPA or any relief that would delay inner harbor dredging of the Savannah Harbor, its claims are precluded by the terms of the Settlement Agreement.

**FOR A FOURTH DEFENSE**

41. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

42. GPA has complied with all terms of the Settlement Agreement.

**FOR A FIFTH DEFENSE**

43. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

44. Augusta has no standing or rights under, and is not entitled to assert any violation of, the Settlement Agreement.

**FOR A SIXTH DEFENSE**

45. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

46. If Augusta has standing or rights under the Settlement Agreement and if the Settlement Agreement was breached, both of which conditions are denied and referenced solely for purposes of this defense, any breach was due to impossibility of performance.

**FOR A SEVENTH DEFENSE**

47. GPA incorporates herein by reference the foregoing paragraphs of this Answer to the extent consist with this defense.

48. The Biological Opinion, as amended, is a final agency action entitled to deference by the Court. Augusta is not entitled to the relief it seeks to the extent such relief is not authorized by or consistent with the Biological Opinion, as amended, or to the extent the relief seeks reconsideration of that final agency action.

|  | Respectfully submitted,<br><br>s/ *Rita Bolt Barker*<br>Rita Bolt Barker (USDC FED ID No. 10566)<br>Gregory J. English (USDC FED ID No. 5737)<br>**WYCHE, P.A.**<br>200 East Camperdown Way<br>Greenville, SC  29601<br>Email: rbarker@wyche.com<br>gengish@wyche.com<br>Telephone: (864) 242-8200<br>Facsimile: (864) 235-8900<br><br>***Attorneys for Intervenor-Defendant Georgia Ports Authority*** |
|---|---|

|  |  |
|---|---|
|  | Of Counsel:<br><br>Susan H. Richardson<br>Ronald L. Raider<br>**KILPATRICK TOWNSEND & STOCKTON, LLP**<br>1100 Peachtree Street,<br>Suite 2800<br>Atlanta, GA 30309<br>Telephone: (404) 815-6500<br>Facsimile: (404) 815-6555<br>srichardson@kilpatricktownsend.com<br>rraider@kilpatricktownsend.com<br><br>Paul H. Threlkeld<br>Special Assistant Attorney General<br>**OLIVER MANER LLP**<br>Post Office Box 10186<br>Savannah, Georgia 31412<br>(912) 236-3311<br>pht@olivermaner.com |
| February 13, 2020 |  |