# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| STATE OF SOUTH CAROLINA, ) <br> SOUTH CAROLINA DEPARTMENT OF ) <br> HEALTH AND ) <br> ENVIRONMENTAL CONTROL, ) <br> SAVANNAH RIVER MARITIME ) <br> COMMISSION, and ) <br> AUGUSTA, GEORGIA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ARMY CORPS OF ) <br> ENGINEERS, ) <br> UNITED STATES ARMY CORPS OF ) <br> ENGINEERS, SAVANNAH DISTRICT, ) <br> RYAN MCCARTHY, in his official ) <br> capacity as Secretary of the Army, ) <br> LT. GENERAL TODD T. SEMONITE, ) <br> in his official capacity as ) <br> Commanding General and Chief ) <br> of Engineers, U.S. Army Corps of Engineers, ) <br> MAJOR GENERAL DIANA M. HOLLAND, ) <br> in her official capacity as Commanding ) <br> General, South Atlantic Division, ) <br> U.S. Army Corps of Engineers, ) <br> COLONEL DANIEL H. HIBNER, in his ) <br> official capacity as District Engineer, ) <br> U.S. Army Corps of Engineers, ) <br> Savannah District, and ) <br> GEORGIA PORTS AUTHORITY, ) <br> ) <br> Defendants. ) <br> _____ ) | C/A No. 1:19-cv-03132-RMG |

**PLAINTIFF AUGUSTA'S MEMORANDUM OF LAW IN OPPOSITION TO SAVANNAH RIVERKEEPER'S MOTION TO INTERVENE**

1

In accordance with Fed. R. Civ. P. 24, Plaintiff Augusta, Georgia files this reply and Memorandum of Law in Opposition to Savannah Riverkeeper's ("SRK") Motion to Intervene.

I.     INTRODUCTION AND SUMMARY

Because SRK has moved to intervene as Plaintiff identifying the same ultimate objective as South Carolina and Augusta, SRK's interests are "adequately represented,'" and it may not intervene absent showing of "adversity of interest, collusion, or nonfeasance." *Stuart v. Huff*, 706 F.3d 345,349 (4th Cir. 2013), *citing Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 4th Cir. 1976); see also *South Carolina v. United States*, 2016 U.S. Dist. LEXIS 68402, *13 (D.S.C. May 25, 2016). SRK admits 'it is not seeking relief beyond that requested' by Augusta and South Carolina. Docket # 38, P. 9, n. 3. SRK identifies itself as a 'liaison' between the citizens of Augusta and South Carolina and government agencies. Doc. # 38-1, SRK, Declaration of Tanya Bonitatibus, ¶ 3. SRK identifies its specific interests in this litigation as (1) fish passage (which will be in Augusta and South Carolina and administered by South Carolina under its CWA Section 401, the National Marine Fisheries Service and United States Fish and Wildlife Service which are not parties to the action) (2) protection of a local park (which is in Augusta and managed by Augusta) (3) safe recreational passage over the New Savannah Bluff Lock and Dam (which is also in Augusta/Richmond County on the

2

Georgia side and South Carolina on the South Carolina side), and (4) fishing access in Augusta which is one of Augusta's recreational programs. SRK Motion to Intervene, Doc. # 38, at 3. SRK has no interests not already adequately represented, and has not even suggested adversity, collusion or nonfeasance on the part of the existing parties and accordingly its motion to intervene should be denied.

Additionally, SRK's involvement will be duplicative, substantially increase the expense of litigation, and delay resolution. SRK has requested attorney's fees and expenses requested from taxpayers, and is certain to add to litigation expenses and use of this Court's resources. SRK Proposed Complaint in Intervention, Doc. # 38-2, P. 9. Thus, SRK's involvement will result in an increase in legal fees to pay its fees, as well as the additional fees and expenses caused by its filings, positions, and litigation matters. SRK references earlier litigation related to the Savannah Harbor deepening in which it negotiated and received millions in federal and public funds, but at the same time SRK notes that 'federal funding has declined' and that "Congress did not allocate funds" to repair the NSBLD, leading to many of the issues before the Court in this litigation today. SRK Motion to Intervene, Doc. # 38, at 2. If intervention is granted, the Court and litigants can expect from SRK additional requests for additional public and taxpayer funds for ancillary and potentially non-germane settlement related items directed toward SRK programs and general

3

Savannah River matters. The totality of public funds that may be involved here are necessary to ensure that the most effective fish passage is implemented and also necessary for protection of the pool and interests of the citizens of Augusta and South Carolina in this time of substantial federal budget deficits. SRK's intervention will insert new ancillary issues and demands, new complexities, delay, additional governmental approvals, consideration and potentially require votes by elected officials or executive branch approvals involving numerous governmental officials. As the governmental entities themselves are already parties to the case and fully capable of addressing the issues, SRK's involvement presents nothing but duplication and additional expense and delay without concomitant benefit to the issues or interests, this Court and resolution of the matters before it.

Based upon SRK's prior involvement as outlined by its Motion, SRK does not appear to be constrained by Court order which can also increase complexity and expense of this matter. SRK admits that it sought to amend this Court's 2013 order in the Savannah Harbor proceedings in entering the 2013 Settlement Agreement (August Compl, Doc. # 23, Ex. G; South Carolina Compl, Doc. # 1-10, Ex. G). SRK's admitted work to change Federal law inconsistent with the Settlement Agreement, specifically fish passage, without notifying the Court, parties or the public has directly lead to this litigation and this Court's need to address these issues in this litigation. Had SRK notified the Court it was seeking legislation in 2016 to

4

amend the requirements of the Settlement Agreement, and involved parties, it is likely this litigation would be unnecessary and the Court could have as appropriate modified the Settlement Agreement in that proceeding rendering this litigation unnecessary.  Clearly, notification by SRK that it was pursuing this alternative approach and notification of a change in law is necessary and required under the Court's order and Federal and ethical rules.  SRK has already demonstrated inclination to substantially increase costs, complexity, and time required for resolution and proclivity toward changing its position despite signed agreements and Court orders.

In the event Plaintiffs Augusta and South Carolina prevail in this litigation, which would result in modification of the Corps proposed action, the relief sought by Augusta and South Carolina is the exact same relief requested by SRK: a declaration that the Defendants action violates the National Environmental Policy Act, 42 U.S.C.A. §§ 4321 *et seq.*[1] SRK Proposed Complaint in Intervention, Doc. # 38-2, P. 9. This in turn would lead to remand to Defendants for reissuance of supplemental environmental documentation adequately assessing alternatives, at which point NEPA regulations and Due Process require and provide for SRK to

---

[1] Augusta and South Carolina's Complaints and identified NEPA deficiencies are much broader and subsume SRK's NEPA claims, which are directed at the single issue of assessment of alternatives and identify only one specific alternative, also identified by Augusta, as not having been assessed by Defendants in violation of NEPA.

receive notice, opportunity to comment, and rights of appeal which more than satisfy protection of SRK's interests. *See, e.g.* 40 C.F.R. § 1503.1; *see generally* 40 C.F.R. Parts 1501-1508; 33 C.F.R. Part 230; U.S. Army Corps of Engineers Regulation ER 200-2-2; No. 1105-2-100.

SRK's intervention will delay resolution of this matter, increase expenses of litigation and burden on this Court, without any meaningful benefit in terms of protecting interests and issues involved in this litigation. SRK has no special expertise to lend to resolution of this matter, legally or technically,[2] and its participation will be duplicative of the interests already before the Court with the very real possibility of adding additional ancillary issues and expenses that do nothing but delay resolution and place the citizens at greater uncertainty regarding their future. Efficient and fair resolution requires denial of SRK's motion for intervention, recognizing that SRK's requested relief is best achieved through

---

[2] The Savannah Riverkeeper has no expertise regarding engineering or fish passage matters at issue, and Augusta requests that the Court take judicial notice that the Riverkeeper has contacted and attempted to hire the technical consultant Merrick/McLaughlin, which provided services to Augusta in developing its comments on the Corps SEA-PAAR, as discussed in greater detail below. Augusta has registered its objection with counsel for SRK, which indicated agreement as to potential for conflicts of interest in this litigation. Thus, as an additional issue, if SRK is permitted to intervene it is likely there will be a conflict of interest/technical dispute which may result in disqualification of this particular consultant regarding any part of this litigation.

SRK'sappropriate participation in subsequent public notice and comment under NEPA in the event this Court orders relief as requested.

## II.     SRK's Interests As Identified in its Motion Are Already Fully and Adequately Represented

SRK admits 'it is not seeking relief beyond that requested' by Augusta and South Carolina' and accordingly the representation of those interests by the elected governments of Augusta and South Carolina adequately represent and protect the interests identified by SRK.  Docket # 38, P. 9, n. 3.  Indeed, SRK identifies its goals as seeking to protect what it refers to as 'local' interests (Docket # 38, P.  – those same local interests which are protected by the <u>elected governments</u> of Augusta and South Carolina, which represents the interests of local, regional and state interests through its political subdivisions and agencies. Elected governments are accountable to the citizens through regular election and open and transparent governmental processes.  The activities, and interests, of a non-profit environmental advocacy organization are not, and SRK represents at most a subset of the interests already before the Court.

To be permitted to intervene, SRK must show that "as a practical matter," its interest may be "impaired" or "impeded" by the trial court's failure to allow intervention.  *Virginia v. Westinghouse Corp*., 542 F.3d 214, 216 (4th Cir. 1976).

7

Where the party seeking to intervene has the same ultimate goal as a party already in the suit, courts have applied a presumption of adequate representation. Id., see also *Moosehead Sanitary Dist. v. S.G. Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979); *Philadelphia Electric Co. v. Westinghouse,* 308 F.2d 856, 859-60 (3d Cir. 1962), *cert. denied* 372 U.S. 936 (1963).

SRK admits that it seeks assessment of a single alternative it describes as a "middle-ground approach" – adjustable gates on a rock weir – which also happens to be an approach that Augusta had also referenced as one of many alternatives that the Corps did not assess.[3] Doc. # 38-2, P. 9, ¶¶ 53-56. The Fourth Circuit has denied intervention as of right where the proposed intervenor seeks the same relief. In *Virginia v. Westinghouse*, the Fourth Circuit Court of Appeals held that Rule 24 does not allow a party, which admittedly is adequately represented at trial by parties to the action, to be entitled *as of right* to participation in settlement proceedings. *Virginia v. Westinghouse,* 542 F.2d 214, 216 (4th Cir. 1976). (upholding denial of Commonwealth of Virginia's intervention). In *Westinghouse*,

---

[3] Augusta is in the process with its engineers and consultants of assessing a number of alternatives that meet applicable legal requirements, the referenced adjustable gate alternative is under assessment and has not yet been determined to be feasible, effective, or meet applicable requirements including but not limited to maintenance of pool elevations as identified in the Complaint and WIIN 2016 Act. Augusta supported Alternative 1-1, which keeps the NSBLD in place in accordance with theWIIN 2016 Act, however, the Corps propose Alternative 1-1 did not meet the WIIN Act's requirement to maintain pool elevations.

the Commonwealth was denied intervention where Virginia Electric & Power Company adequately represented interests relating to contracts for nuclear fuel supply. The Court found that the Commonwealth failed to show that its interest was impaired by failure to allow intervention. 542 F.2d at 216.  The Court noted that the Commonwealth's pleadings were 'nearly identical' to those submitted by the Plaintiffs, as is the case here.  SRK has paraphrased Augusta and South Carolina's NEPA allegations in a much more cursory and non-specific manner, save for the single issue of gates on a rock weir which SRK outright admits are also included in Augusta's claims.  Accordingly, under *Westinghouse* SRK has failed to meet the burden of showing that its interests would be impaired.

"When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented,'" which can only be rebutted by a showing of "'adversity of interest, collusion, or nonfeasance.'"  *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013)(citing *Westinghouse). See also South Carolina v. United States,* 2016 U.S. Dist. LEXIS 68402, *13 (D.S.C. May 25, 2016). In *Westinghouse,* the Fourth Circuit found that the Commonwealth had made no showing of adversity nor even attempted to show collusion, which is required where interests are already represented.  SRK has not even attempted to show adversity, collusion or nonfeasance which is of course due

to the fact that there is none. SRK in fact indicates 'non-adversity' to Augusta and South Carolina, and accordingly its request should be denied.

SRK clearly has no greater standing or interest that the Commonwealth in the *Westinghouse* case, and in fact has a much lesser bases than the Commonwealth. SRK identifies 4,500 members in the watershed, stating its role is a 'liaison between citizens who live in the watershed and government agencies.' SRK, Declaration of Tanya Bonitatibus, ¶ 3. It is not the number of persons represented, but rather the nature of the interest which is at issue. At the time of *Westinghouse* the Commonwealth represented more than 8 million citizens, but was denied intervention because it did not show adversity, collusion or nonfeasance. South Carolina and Augusta collectively represent over 5 million citizens, which would include those members SRK identifies which would otherwise have standing regarding the issues before the Court.

In a similar case, *South Carolina v. United States,* 2016 U.S. Dist. LEXIS 68402, *13 (D.S.C. May 25, 2016), Judge Childs of this Court denied intervention by non-profit organization Southern Carolina Regional Development Alliance ("SC Alliance") in a suit against the Department of Energy respecting construction of a mixed oxide fuel facility at the Savannah River Site. The Court denied intervention because the SC Alliance, like SRK here, failed to show their interests were not adequately represented by the State of South Carolina. Id. at * 12-13.

The Court found that the SC Alliance 'shared the same goals' as South Carolina, as SRK does here with both South Carolina and Augusta.

Here, two governments – the State of South Carolina, and Augusta a political subdivision of the State of Georgia – have plead and are seeking the same ultimate objective as set forth in SRK's request for intervention.  SRK even states that its interests are to achieve "the greatest positive impact on the river, the people living in the watershed, and the economies of both Georgia and South Carolina." Doc. # 38-1, SRK, Declaration of Tanya Bonitatibus, ¶ 9.  SRK has made no showing of adversity, collusion or nonfeasance and accordingly under the precedent of this Court and the Fourth Circuit Court of Appeals, SRK's request for intervention should be denied.  SRK is provided through NEPA with notice and opportunity to comment, participate and appeal and if the Defendants actions in this matter are changed or modified, SRK has full opportunity to present its positions.

### III.     SRK's Request for Permissive Intervention Should Be Denied Due to the Delay and Expense Presented by Its Intervention

In *South Carolina v. United States*, this Court recognized that permissive intervention may be denied where the intervention would "needlessly increase the cost and delay disposition of the case." *South Carolina v. United States*, 2016 U.S.

11

Dist. LEXIS 68402, *14 (D.S.C. May 25, 2016).   As noted in Section II, above, in *South Carolina v. United States*, the SC Alliance sought intervention where its interests were already represented by the State, and it sought the same goals in litigation, as is the case here.  In addition to denying intervention as of right, the Court found that permissive intervention should be denied because SC Alliance's intervention "would complicate the litigation, potentially unduly delay the adjudication of the case on the merits, and generate little, if any, corresponding benefit to the existing parties." *Id.* at * 14; citing *Brock v. McGee Bros. Co.*, 111 F.R.D. 484, 487 (W.D.N.C. 1986) (denying permissive intervention where intervention would needlessly increase the cost of the case and delay disposition of the case).

Here, SRK's participation will similarly increase the cost and delay this litigation. First, South Carolina has already filed a motion for partial summary judgment, and the United States has responded and filed a motion to dismiss. SRK's intervention will add at least two and potentially four additional pleadings and responses, as well as upset and change the litigation schedule.  Additionally, SRK's participation will needlessly complicate the matter without meaningfully moving the case forward toward resolution.  The Savannah SRK has no expertise regarding engineering or fish passage matters at issue.  Augusta requests that the Court take judicial notice that SRK has contacted and attempted to retain for some

unspecified purposes the technical consultant Merrick/McLaughlin, which had provided services to Augusta in developing its comments on the Corps SEA-PAAR which are attached to Augusta's Complaint. August Compl, Doc. # 23, Ex. G.[4] Augusta counsel has contacted SRK counsel which indicated agreement that there is a potential conflict, with Augusta asserting confidentiality, work product, attorney client and other privilege but the issue has not been resolved.

As noted above, SRK has shown its proclivity to delay resolution and increase costs of litigation in casting aside the Settlement Agreement it filed with this Court in related earlier proceedings which provided for one method of fish passage, then completely changing and undermining the Court's order by lobbying for Congressional amendment of the Water Resources Development Act in a manner contravening the Settlement Agreement. See SRK Motion, Doc. # 38, P. 3 ("In spring 2016, SRK and other stakeholders presented the idea to combine the two projects – rehabilitation of the deteriorating dam and the construction of fish passage – to federal lawmakers."); Doc. # 38-1, SRK, Declaration of Tanya Bonitatibus, ¶ 9. The Court was never notified of SRK's intent to abandon the Settlement Agreement, and SRK never notified the Court or sought leave to modify, amend, or be released from its commitment and the Court's order.

---

[4] The exact parameters of the attempted hiring of this consultant has not been revealed by the consultant or Riverkeeper, but counsel for Augusta has notified Riverkeeper of objection to any use of this consulting expert regarding matters in this litigation due to conflict.

13

The parties already involved in the case are the correct parties capable of protecting all interests and moving the matter forward. South Carolina represents the citizens and political subdivisions of the State and the state's resources and the jurisdiction of South Carolina. Similarly, Augusta represents the citizens of the Augustas Richmond County region, is a political subdivision of Georgia, and the interests and resources on the Georgia side of the River. Augusta has numerous departments and is a part of or has created numerous entities relating to interests at issue including the Augusta Canal Authority, Port Authority, Augusta Utilities, and its Engineering Department as well as the Mayor and elected officials of the Commission comprehensively representing the citizens interests. Augusta Utilities is very familiar with dams and diversions, owning and operating the Augusta Diversion Dam upstream of the New Savannah Bluff Lock and Dam, and the utilities department has been involved in fish passage studies, assessments and technologies for a long period of time through the Federal Energy Regulatory Commission through the Federal Power Act. Augusta is also part owner/operator of three other FERC-licensed facility. Augusta has installed successful downstream fish passage on the diversion dam.

## IV. CONCLUSION

With SRK's admission that it is not seeking relief beyond that requested by Augusta and South Carolina, and failure to make any showing or even argue

interest, collusion, or nonfeasance, SRK has failed to meet the standard for intervention as of right under Fed. R. Civ. P. 24 and under the precedent of *Stuart v. Huff*, 706 F.3d 345,349 (4th Cir. 2013), *Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 4th Cir. 1976) and *South Carolina v. United States*, 2016 U.S. Dist. LEXIS 68402, *13 (D.S.C. May 25, 2016).

    Given SRK's demonstrated history, its involvement will delay resolution of this matter, increase complexity and bring in ancillary issues, it has requested fees and will likely request additional funds not germane to the issues before the Court, and will increase litigation expenses for all the other parties involved.  The Court should deny SRK's intervention as it will complicate the litigation, potentially unduly delay the adjudication of the case on the merits, and generate little, if any, corresponding benefit to the existing parties or issues before the Court.

    As noted above, SRK is provided with a right to participate through notice, and comment, and appeal, if the outcome of this litigation changes the Corps proposal.  This provides due process protection of SRK's in an appropriate forum and at the appropriate time.  Accordingly, SRK's intervention should be denied as it will only increase costs of this litigation, increase complexity and confusion, and will not move the case forward to resolution.  Accordingly, Augusta respectfully requests that the Court deny SRK's motion to intervene.

Respectfully submitted this 28th day of February 2020.

By: s/ John W. Fletcher

M. Dawes Cooke, Jr., Esq. (Fed I.D. # 288)
John W. Fletcher, Esq. (Fed. I.D. # 9378)
Barnwell, Whaley, Patterson, and Helms, LLC
288 Meeting Street, Suite 200
Charleston, SC 29401
(843)577-7700

- and -

David M. Moore, Esq.
Georgia Bar 518830 (admitted Pro Hac Vice)
Mary Ellen Ternes, Esq.
South Carolina Bar 0070237 (admitted Pro Hac Vice)
Earth & Water Law, LLC
Promenade, Suite 1900
1230 Peachtree Street, NE
Atlanta, Georgia 30309-3592
(404)245-5421

## CERTIFICATE OF SERVICE

      I certify that on February 28, 2020, I electronically filed the foregoing Memorandum of Law in Opposition to Savannah Riverkeeper's Motion to Intervene with the Clerk of Court using the CM/ECF system.

/s John W. Fletcher