**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| STATE OF SOUTH CAROLINA, *et al*., | |
| Plaintiffs, | |
| AUGUSTA, GEORGIA, | |
| Plaintiff-Intervenor, | |
| v. | Civil Action No. 1:19-cv-03132-RMG |
| UNITED STATES ARMY CORPS OF ENGINEERS, *et al*., | |
| Federal Defendants, | |
| GEORGIA PORTS AUTHORITY, | |
| Defendant-Intervenor. | |

**FEDERAL DEFENDANTS' ANSWER**
**TO STATE OF SOUTH CAROLINA'S COMPLAINT**

Federal Defendants, by and through their attorneys, hereby answer South Carolina's

Complaint, ECF No. 1, as follows. The numbered Paragraphs correspond to the numbered Paragraphs

in the Complaint. Any allegation not otherwise admitted or qualified is denied. To the extent that the

1

headings in the Complaint contain factual allegations that require a response, the headings are denied.

The first Paragraph of South Carolina's Complaint is a prefatory clause to which no response is required.

1.     Federal Defendants admit the allegations in the first sentence of Paragraph 1. Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations of the second sentence of Paragraph 1, particularly to the extent that the allegations fail to identify any relevant "property" and fails to define or explain the phrases "various property rights" and "in, nearby, and adjacent to," and are denied on that basis.

2.     Paragraph 2 characterizes various statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those statutes and regulations, they are denied.

3.     Paragraph 3 characterizes various statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those statutes and regulations, they are denied.

4.     Paragraph 4 is a characterization of South Carolina's Complaint to which no response is required.

5.     Federal Defendants admit that the United States Army Corps of Engineers (the "Corps") is a federal agency. The remaining allegations of Paragraph 5 are too vague and ambiguous to permit a response, particularly to the extent that they fail to define the phrases "responsible for compliance," "federal and state law," or "for its civil works projects," and are denied on that basis.

6.     Federal Defendants admit that the Corps' Savannah District is a component of the Corps and was the district with primary responsibility for the agency action challenged in this case. The remaining allegations in Paragraph 6 are too vague and ambiguous to permit a response,

particularly to the extent that they fail to define the phrases "lead federal agency," "responsible for compliance," "federal and state law," and "the project at issue in this case," and are denied on that basis.

7.    Federal Defendants deny that Ryan McCarthy is currently Secretary of the Army, and aver that Christine E. Wormuth now holds that title. The remaining allegations of Paragraph 7 (i) represent South Carolina's characterization of this action, to which no response is required; (ii) are too vague and ambiguous to permit a response, particularly to the extent that they fail to define the phrases "decision-making authority," "responsible for ensuring compliance," "federal and state law," and "the project at issue in this case," and are denied on that basis; and (iii) characterize various statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those statutes and regulations, they are denied.

8.    Federal Defendants deny that Lieutenant General Todd T. Semonite is currently Commanding General and Chief of Engineers of the Corps, and aver that Lieutenant Scott A. Spellmon now holds that title. The remaining allegations of Paragraph 8 (i) represent South Carolina's characterization of this action, to which no response is required; (ii) are too vague and ambiguous to permit a response, particularly to the extent that they fail to define the phrases "decision-making authority," "responsible for ensuring compliance," "federal and state law," and "the project at issue in this case," and are denied on that basis; and (iii) characterize various statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those statutes and regulations, they are denied.

9.    Federal Defendants deny that Major General Diana M. Holland is currently the Commanding General of the Corps' South Atlantic Division, and aver that Brig. General Daniel Hibner now holds that title. The remaining allegations of Paragraph 9 (i) represent South Carolina's

characterization of this action,  to which no response is required; (ii) are too vague and ambiguous to permit a response, particularly to the extent that they fail to define the phrases "decision-making authority," "responsible for ensuring compliance," "federal and state law," and "the project at issue in this case," and are denied on that basis; and (iii) characterize various statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those statutes and regulations, they are denied.

10.     Federal Defendants deny that Colonel Hibner is currently District Commander for the Corps' Savannah District, and aver that Colonel Ronald Sturgeon now holds that title. The remaining allegations of Paragraph 10 (i) represent South Carolina's characterization of this action, to which no response is required; (ii) are too vague and ambiguous to permit a response, particularly to the extent that they fail to define the phrases "decision-making authority," "responsible for ensuring compliance," "federal and state law," and "the project at issue in this case," and are denied on that basis; and (iii) characterize various statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those statutes and regulations, they are denied.

11.     Paragraph 11 is a characterization of South Carolina's Complaint to which no response is required.

12.     Paragraph 12 states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of Paragraph 12.

13.     Paragraph 13 states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants (i) deny that 28 U.S.C.A. § 1391(b) allocated venue in this case but (ii) admit that venue is proper.

14.     Paragraph 14 characterizes the Declaratory Judgment Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that

4

statute, they are denied.

15.     Paragraph 15 characterizes the Declaratory Judgment Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

16.     Paragraph 16 characterizes the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

17.     Paragraph 17 characterizes the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

18.     Paragraph 18 characterizes the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

19.     Paragraph 19 characterizes the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

20.     Paragraph 20 characterizes a NEPA and its regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with that statute and those regulations, they are denied.

21.     Paragraph 21 characterizes NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

22.     Paragraph 22 characterizes NEPA regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

23.     Paragraph 23 characterizes NEPA regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

24.     Paragraph 24 characterizes a NEPA regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that regulation, they are denied.

25.     Paragraph 25 characterizes NEPA regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

26.     Paragraph 26 characterizes NEPA regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

27.     Paragraph 27 characterizes the National Historic Preservation Act ("NHPA") and its regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with that statute and those regulations, they are denied.

28.     Paragraph 28 characterizes NHPA regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

29.     Paragraph 29 characterizes NHPA regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

30.     Paragraph 30 characterizes Corps regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

31.     Paragraph 31 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

32.     Paragraph 32 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

33.     Paragraph 33 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

34.     Paragraph 34 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

35.     Paragraph 35 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

36.     Paragraph 36 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

37.     Paragraph 37 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

38.     Paragraph 38 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

39.     Paragraph 39 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

40.     Paragraph 40 characterizes South Carolina statutes and regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those statutes or regulations, they are denied.

41.     Paragraph 41 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

42.     Paragraph 42 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

43.     Paragraph 43 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

44.     Paragraph 44 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

45.     Paragraph 45 characterizes the Clean Water Act and its regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

46.     Paragraph 46 characterizes Corps guidance documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, they are denied.

47.     Federal Defendants admit that its Integrated Post Authorization Analysis Report and Supplemental Environmental Assessment ("SEA") was signed on October 29, 2019, and aver that the SEA was published in a public notice dated October 31, 2019.

48.     Paragraph 48 characterizes the Corps' SEA and the October 29, 2019 document titled Finding of No Significant Impact ("FONSI"), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, they are denied.

49.     Federal Defendants deny the allegations of Paragraph 49.

50.     Federal Defendants admit the allegations of Paragraph 50, and aver that the New Savannah Bluff Lock and Dam ("NSBLD") is located in both Aiken County, South Carlina and Augusta-Richmond County, Georgia.

51.      Federal Defendants admit the allegations in Paragraph 51.

52.     Federal Defendants admit the allegations in Paragraph 52 to the extent they are referencing construction of the NSLBD.

53.     Paragraph 53 characterizes a South Carolina statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

54.     Paragraph 54 characterizes a South Carolina statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

55.     Paragraph 55 characterizes a South Carolina statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

56.     Paragraph 56 characterizes deeds recorded in Aiken County, which speak for

themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with deeds, they are denied.

57.     Paragraph 57 characterizes deeds recorded in Aiken County, South Carolina, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those deeds, they are denied.

58.     Paragraph 58 characterizes deeds recorded in Aiken County, South Carolina, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those deeds, they are denied.

59.     Paragraph 59 characterizes deeds recorded in Aiken County, South Carolina, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those deeds, they are denied.

60.     Paragraph 60 states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

61.     The allegations of Paragraph 61 are too vague and ambiguous to permit a response, particularly to the extent they fail to define the phrase "water supply users," and are denied on that basis.

62.     Federal Defendants admit that the NSBLD creates a pool used for boating, fishing, and rowing events. The remaining allegations of Paragraph 62 are too vague and ambiguous to permit a response, particularly to the extent they fail to define the phrases "water-related recreation activities" and "tourism activities," and are denied on that basis.

63.     Federal Defendants deny the allegations of the first sentence of Paragraph 63 to the extent they assert that the NSBLD never served its intended functions. As to the second sentence of Paragraph 63, Federal Defendants (i) admit that the NSBLD structure and upstream channel fell

into disuse and commercial traffic through the lock ceased by 1979, (ii) admit that Congress has not appropriated funds to rehabilitate the NSBLD, and (iii) deny that no maintenance has been performed by the Corps since 1979.

64.    Paragraph 64 characterizes information contained on a Corps webpage, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that web page, they are denied.

65.    The allegations of Paragraph 65 are too vague and ambiguous to permit a response, particularly to the extent they fail to define the phrases "routine maintenance and repair," and "current state of disrepair," and are denied on that basis. Federal Defendants deny that no maintenance has been performed by the Corps since 1979.

66.    Paragraph 66 characterizes the SEA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the SEA, they are denied.

67.    The first and fourth sentences of Paragraph 67 characterize the 2001 Consolidated Appropriations Act, which speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with that statute, they are denied. With respect to the second and third sentences, Federal Defendants admit that (i) since its construction, the NSBLD has prevented sturgeon from reaching the historic spawning grounds in the Augusta Shoals, and (ii) the fish passage alternative challenged in this action is a mitigation feature of the Savannah Harbor Expansion Project ("SHEP") designed to allow the sturgeon to reach the aforementioned spawning ground, and (iii) deny any remaining allegations in those sentences. With respect to the fifth sentence, Federal Defendants (i) admit that, prior to SHEP, Congress did not appropriate funds for a fish passage, and (ii) deny the remaining allegations in the fifth sentence of Paragraph 67 on the grounds that they are too vague and ambiguous to permit a response, particularly to the extent they fail to explain or define the phrases "substantive steps" or "rehabilitate the NSBLD," and are

denied on that basis.

68.     Paragraph 68 characterizes a November 4, 2011, biological opinion prepared by the National Marine Fisheries Service ("NMFS") (the "2011 BiOp"), whose issuance we admit; as to its contents, the opinion speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2011 BiOp, they are denied.

69.     Paragraph 69 characterizes the 2011 BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that BiOp, they are denied.

70.     Paragraph 70 characterizes the 2011 BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that BiOp, they are denied.

71.     Paragraph 71 characterizes the 2011 BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that BiOp, they are denied.

72.     Paragraph 72 characterizes the 2011 BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that BiOp, they are denied.

73.     Paragraph 73 characterizes the 2011 BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that BiOp, they are denied.

74.     Federal Defendants admit the allegations of Paragraph 74.

75.     Paragraph 75 characterizes the Corps' Final Environmental Impact Statement ("FEIS"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the FEIS, they are denied.

76.     Paragraph 76 characterizes the Corps' FEIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the FEIS, they are denied.

77.     Federal Defendants admit that the DHEC and Commission filed lawsuits related to the Savannah Harbor Expansion Project. The remaining allegations in Paragraph 77 characterize the complaints in those actions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those complaints, they are denied.

78.     Federal Defendants admit the allegations in Paragraph 78.

79.     Paragraph 79 characterizes a 2012 report of the Corps' Chief of Engineers, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that report, they are denied.

80.     Federal Defendants admit that the Corps issued a record of decision related to the SHEP on October 26, 2012. The remaining allegations in Paragraph 80 characterize that record of decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that record of decision, they are denied.

81.     Federal Defendants admit the allegations of Paragraph 81.

82.     Federal Defendants admit the allegations of Paragraph 82.

83.     Federal Defendants admit the allegations of Paragraph 83.

84.     Paragraph 84 characterizes a settlement agreement executed by the Corps, DHEC, the Commission, and the Georgia Ports Authority (the "Settlement Agreement"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Settlement Agreement, they are denied.

85.     Paragraph 85 characterizes the Settlement Agreement and the 2011 BiOp, which speak for themselves and are the best evidence of their contents. To the extent the allegations are

inconsistent with the Settlement Agreement and 2011 BiOp, they are denied.

86.    Paragraph 86 characterizes a court order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that order, they are denied.

87.    Federal Defendants admit the allegations of the first sentence of Paragraph 87.  The footnote in Paragraph 87 characterizes an amended biological opinion prepared by NMFS (the "2013 BiOp"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2013 BiOp, they are denied.

88.    Federal Defendants admit the allegations of Paragraph 88.

89.    Paragraph 89 characterizes the Water Resources Reform and Development Act of 2014, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that Act, they are denied.

90.    Paragraph 90 characterizes a report of the Corps' Chief of Engineers, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that report, they are denied.

91.    Federal Defendants admit the allegations in the first three sentences of Paragraph 91. The allegations in the fourth sentence are denied. As to the fifth sentence, Federal Defendants (i) admit that South Carolina has not endorsed or formally approved the proposed alternative, and (ii) deny the remaining allegations of Paragraph 91.

92.    Federal Defendants admit the allegations of Paragraph 92.

93.    Paragraph 93 characterizes the Water Infrastructure Improvements for the Nation Act ("WIIN Act"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

94.    Paragraph 94 characterizes the WIIN Act, which speaks for itself and is the best

evidence of its contents. To the extent that Paragraph 94 is inconsistent with that statute, it is denied.

95.    Paragraph 95 characterizes the WIIN Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

96.    Paragraph 96 characterizes a United States Geological Survey publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that publication, they are denied.

97.    Paragraph 97 (i) is too vague and ambiguous to permit a response, particularly to the extent it fails to define or explain the phrase "approximately the same," and is denied on that basis; and (ii) characterizes a United States Geological Survey publication and deeds recorded in Aiken County, South Carolina, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with that publication and those deeds, they are denied.

98.    Paragraph 98 characterizes a United States Geological Survey publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that publication, they are denied.

99.    Federal Defendants admit the allegations of Paragraph 99.

100.    Paragraph 100 characterizes an October 13, 2017 biological opinion (the "2017 BiOp"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2017 BiOp, they are denied.

101.    Paragraph 101 characterizes the 2017 BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2017 BiOp, they are denied.

102.    Paragraph 102 characterizes the 2017 BiOp, which speaks for itself and is the best

evidence of its contents. To the extent the allegations are inconsistent with the 2017 BiOp, they are denied.

103.    Paragraph 103 characterizes the 2017 BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2017 BiOp, they are denied.

104.    Paragraph 104 characterizes the 2017 BiOp, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2017 BiOp, they are denied.

105.     Federal Defendants admit the allegations of Paragraph 105.

106.    Paragraph 106 characterizes the Draft Integrated Post Authorization Analysis Report (PAAR) and Supplemental Environmental Assessment for the Fish Passage at the NSBLD (the "Draft SEA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with Draft SEA, they are denied.

107.    The first sentence of Paragraph 107 characterizes the Draft SEA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that environmental assessment, they are denied. The second sentence of Paragraph 107 states conclusions of law to which no response is required; to the extent a response is required, they are admitted.

108.    Paragraph 108 (i) states conclusions of law to which no response is required; to the extent a response is required, the allegations are denied; and (ii) characterizes the WIIN Act, Draft EA, and SEA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the WIIN Act, Draft EA, and SEA, they are denied. Federal Defendants deny any violation of law.

109.    Federal Defendants admit the allegations of Paragraph 109.

110.    The allegations of Paragraph 110 are too vague and ambiguous to permit a response, particularly to the extent that they fail to define the phrases "forced to halt" and "instability of the riverbank," and are denied on that basis. Federal Defendants aver that they chose to end the drawdown test on February 15, 2019, when, after nearly a week of data collection was complete, instability due to a design defect was observed in a single private sea wall.

111.    Federal Defendants admit that the fourth photograph included in Paragraph 111 is a true and correct depiction of the temporary impacts following the drawdown simulation. Federal Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the other three photographs. The allegations in Paragraph 111 (i) characterize those photographs, which speak for themselves and are the best evidence of their contents, and are denied to the extent inconsistent with the photographs; and (ii) are too vague and ambiguous to permit a response, particularly to the extent that they fail to define the phrase "useless for recreational activities," and are denied on that basis as well.

112.    The first sentence of Paragraph 112 (i) states conclusions of law to which no response is required; to the extent a response is required, the allegations are denied; and (ii) characterizes federal and state law, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those laws, they are denied. As to the second sentence of Paragraph 112, Federal Defendants admit that South Carolina has communicated to the Corps that South Carolina believes a Navigable Waters Permit and 401 Certification are required. The remaining allegations in the second sentence of Paragraph 112 are too vague and ambiguous to permit a response, particularly to the extent they fail to define the phrase "proactive in its efforts to protect its sovereignty" and are denied on that basis.

113.    Federal Defendants admit that the South Carolina Attorney General issued an opinion on April 8, 2019.  The remaining allegations of Paragraph 113 characterize the reason for

17

and contents of that opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that opinion, they are denied. The cited opinion also states conclusions of law to which no response is required; to the extent a response is required, those conclusions are denied.

114.    Federal Defendants admit that the Corps received a letter dated April 9, 2019, from the South Carolina Attorney General. The allegations in the second sentence of Paragraph 114 characterize that letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that letter, they are denied.

115.    Federal Defendants admit that the Assistant Secretary of the Army and the Commanding General of the Corps received a letter dated April 9, 2019, from the members of the South Carolina and Georgia Congressional delegations. The remaining allegations of Paragraph 115 characterize that letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that letter, they are denied. The cited letter also states conclusions of law to which no response is required; to the extent a response is required, those conclusions are denied.

116.    The first clause of Paragraph 116 characterizes an April 9, 2019, letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that letter, they are denied. With respect to the second clause of Paragraph 116, Federal Defendants deny having asserted any erroneous interpretation of law, and otherwise admit to studying and selecting Alternative 2-6d.

117.    Federal Defendants admit that the Corps received a letter dated April 22, 2019, from the Governor of South Carolina. The remaining allegations of Paragraph 117 characterize that letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are denied, they are denied. The cited letter also states conclusions of law to

which no response is required; to the extent a response is required, those conclusions are denied.

118.    Federal Defendants admit the allegations of Paragraph 118.

119.    Federal Defendants admit the allegations of Paragraph 119.

120.    The allegations in Paragraph 120 characterize the IEPR/Draft SEA which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the IEPR/Draft SEA, they are denied.

121.    The allegations in Paragraph 121 characterize the Draft SEA which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Draft SEA, they are denied.

122.    Federal Defendants admit that on the Attorney General sent a letter to the Corps dated August 12, 2019. The remaining allegations in Paragraph 122 characterize that letter which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that letter, they are denied.

123.    Federal Defendants deny the allegations of Paragraph 123.

124.    Federal Defendants deny the allegations of Paragraph 124.

125.    Federal Defendants admit that the Corps sent a letter to South Carolina dated September 20, 2019. The remaining allegations in Paragraph 125 characterize that letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that letter, they are denied.

126.    Paragraph 126 characterizes the Corps' September 20, 2019, letter, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that letter, they are denied.

127.    Federal Defendants admit the allegations of Paragraph 127.

128.    Federal Defendants admit that its SEA was signed on October 29, 2019, and aver

that the SEA was published in a public notice dated October 31, 2019.

129.    Federal Defendants admit that the Corps issued a Savannah Habor Expansion Project Fish Passage at the New Savannah Bluff Lock and Dam Post Authorization Analysis and Supplemental Environmental Assessment and Finding of No Significant Impact ("FONSI") on October 29, 2019. The remaining allegations in Paragraph 129 characterize those documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, they are denied.

130.    Federal Defendants deny the allegations of Paragraph 130.

131.    Paragraph 131 states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants admit that the construction of the fixed crest weir would involve construction in a navigable water, some of which is in South Carolina, and this work would include a floodplain bench. Federal Defendants deny that construction of the fixed crest weir would lower the pool elevation in the fixed crest weir. The remaining allegations are too vague and ambiguous to permit a response, particularly to the extent that they fail to define the phrase "alter river flow," and are denied on that basis.

132.    Paragraph 132 characterizes an October 29, 2019, Corps news release, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that news release, they are denied.

133.    Paragraph 133 characterizes the SEA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the SEA, they are denied.

134.    Paragraph 134 characterizes the SEA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the SEA, they are denied.

135.    Federal Defendants admit the allegations of Paragraph 135.

136.    Paragraph 136 is a characterization of South Carolina's Complaint to which no response is required.

137.    Paragraph 137 is a characterization of South Carolina's Complaint to which no response is required.

138.    Federal Defendants incorporate by reference their responses to the preceding Paragraphs 1-137, and all and subsequent Paragraphs.

139.    The allegations in Paragraph 139 characterize the WIIN Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the WIIN Act, they are denied.

140.    Paragraph 140 characterizes the WIIN Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the WIIN Act, they are denied.

141.    Paragraph 141 characterizes the WIIN Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the WIIN Act, they are denied.

142.    Paragraph 142 characterizes a USGS publication, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that publication, they are denied.

143.    Federal Defendants admit that the Corps received correspondence from Congressional delegations of South Carolina and Georgia dated April 9, 2019. The remaining allegations in Paragraph 143 characterize that correspondence, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that correspondence, they are denied.

21

144.    Paragraph 144 characterizes deeds recorded in Aiken County, South Carolina, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those deeds, they are denied.

145.    Paragraph 145 characterizes agency interpretation of the WIIN Act in SEA Appendix H, which speaks for itself and is the best evidence of their contents. To the extent the allegations are inconsistent with SEA Appendix H, they are denied.

146.    Paragraph 145 characterizes SEA Appendix H, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with SEA Appendix H, they are denied. The Corps further denies that its proposed alternative would "dramatically lower the water elevation."

147.    With respect to the first sentence of Paragraph 147, Federal Defendants admit that the Corps performed a drawdown simulation in February 2019. Federal Defendants deny the allegations in the second sentence. With respect to the third and fourth sentences, the allegations are too vague and ambiguous to permit a response, particularly to the extent that they fail to define the phrases "instability of the riverbank" and "beaching of recreational docks," and are denied on that basis. With respect to the final sentence of Paragraph 147, the Corps lacks knowledge or information sufficient to form a belief as to mental impressions of unspecified "water supply users."

148.    Federal Defendants deny the allegations of Paragraph 148.

149.    Federal Defendants deny the allegations of Paragraph 149.

150.    Federal Defendants incorporate by reference their responses to the preceding Paragraphs 1-149, and all and subsequent Paragraphs.

151.    Paragraph 151 states conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted upon information and belief.

152.    Paragraph 152 states conclusions of law to which no response is required. To the extent a response is required, the allegations are admitted upon information and belief at least as to those portions of the Savannah River lying within the state boundaries of South Carolina.

153.    Paragraph 153 (i) characterizes the proposed action as memorialized in the SEA. The SEA speaks for itself and is the best evidence of its contents; to the extent the allegations are inconsistent with that action, they are denied. Paragraph 153 also (ii) states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants admit that the NSBLD Project will involve placement of rocks in the Savannah River and deny the remaining allegations of Paragraph 153.

154.    Paragraph 154 states conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

155.    Paragraph 155 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

156.    Paragraph 156 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

157.    Paragraph 157 characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that statute, they are denied.

158.    Paragraph 158 (i) states conclusions of law to which no response is required, and (ii) characterizes the Corps' proposed action as memorialized in the SEA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the SEA, they are denied.

159.    Paragraph 159 states conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

160.    Paragraph 160 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

161.    Federal Defendants admit that have not sought or received an updated 401 Certification from DHEC for the NSBLD Project, but deny that a certification is required.

162.    Paragraph 162 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

163.    Paragraph 163 characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied.

164.    Paragraph 164 states conclusions of law to which no response is required. To the extent a response is required, they are denied. Federal Defendants also deny any violation of law or any action inconsistent with Corps policy.

165.    Paragraph 165 (i) states conclusions of law to which no response is required, and (ii) characterizes South Carolina regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those regulations, they are denied, and Federal Defendants deny any violation of law.

166.    Paragraph 166 (i) states conclusions of law to which no response is required, and (ii) characterizes the Clean Water Act, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Clean Water Act, they are denied.

167.    Federal Defendants admit that they have not sought or received an updated

Navigable Waters Permit or 401 Certification for the NSBLD Project, but deny that any such permits or certifications are required.

168.    Federal Defendants deny the allegations of Paragraph 168.

169.    Federal Defendants deny the allegations of Paragraph 169.

170.    Federal Defendants incorporate by reference their responses to the preceding Paragraphs 1-169, and all and subsequent Paragraphs.

171.    The allegations in Paragraph 171 characterize the settlement agreement between DHEC and the Corps, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that settlement agreement, they are denied.

172.    The allegations in Paragraph 172 characterize a court order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that order, they are denied.

173.    The allegations in Paragraph 173 characterize the SHEP 401 Certification and SHEP Navigable Waters Permit, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, they are denied.

174.    The allegations in Paragraph 174 characterize a biological opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that biological opinion, they are denied.

175.    Federal Defendants admit that inner harbor dredging associated with the SHEP project commenced prior to construction of a fish passage, and aver that such dredging was completed while this Court's order permanently enjoining the Corps from constructing the fish passage (see ECF No. 105) was in place.

176.    Paragraph 176 (i) states conclusions of law to which no response is required, and (ii) characterizes the WIIN Act, the BiOp, a 401 Certification, and Navigable Waters Permit, which

25

speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, they are denied. Federal Defendants further deny any violation of law.

177.    Federal Defendants deny the allegations in Paragraph 177.

178.    Federal Defendants deny the allegations in Paragraph 178.

179.    Federal Defendants incorporate by reference their responses to the preceding Paragraphs 1-178, and all subsequent Paragraphs.

180.    Paragraph 180 characterizes deeds recorded in Aiken County, South Carolina, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those deeds, they are denied.

181.    Paragraph 181 characterizes deeds recorded in Aiken County, South Carolina, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those deeds, they are denied.

182.    Federal Defendants deny the allegations of Paragraph 182.

183.    Paragraph 183 characterizes the SEA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the SEA, they are denied.

184.    Federal Defendants deny the allegations of Paragraph 184.

185.    Federal Defendants deny the allegations of Paragraph 185.

186.    Federal Defendants deny the allegations of Paragraph 186.

187.    Federal Defendants deny the allegations of Paragraph 187.

188.    Federal Defendants incorporate by reference their responses to the preceding Paragraphs 1-187, and all and subsequent Paragraphs.

189.    Paragraph 189 characterizes the Settlement Agreement, SHEP 401 Certification and

SHEP Navigable Waters Permit, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those documents, they are denied.

190.    Paragraph 190 characterizes the SHEP 401 Certification and SHEP Navigable Waters Permit, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with that certification and permit, they are denied.

191.    Paragraph 191 characterizes a court order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that order, they are denied.

192.    Federal Defendants admit that the Corps had commenced inner harbor dredging at the time this Complaint was filed, and aver that such dredging was completed while this Court's order permanently enjoining the Corps from constructing the fish passage (*see* ECF No. 105) was in place.

193.    Federal Defendants admit the allegations of Paragraph 193.

194.    Federal Defendants aver that inner harbor dredging was completed while this Court's order permanently enjoining the Corps from constructing the fish passage (*see* ECF No. 105) was in place. The remaining allegations in Paragraph 194 state conclusions of law to which no response is required; to the extent a response is required, the allegations are denied.

195.    Federal Defendants deny the allegations in Paragraph 195.

196.    Federal Defendants deny the allegations in Paragraph 196.

**197.**    Federal Defendants deny the allegations in Paragraph 197.

198.    Federal Defendants incorporate by reference their responses to the preceding Paragraphs 1-197, and all and subsequent Paragraphs.

199.    Paragraph 199 characterizes the provisions of the National Environmental Policy Act ("NEPA") and its regulations, which speak for themselves and are the best evidence of their

contents. To the extent the allegations are inconsistent with that statute and those regulations, they are denied.

200.    Paragraph 200 states a conclusion of law to which no response is required. To the extent a response is required, Federal Defendants admit the allegations.

201.    Paragraph 201 states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of Paragraph 201.

202.    Paragraph 202 states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of Paragraph 202.

203.    Paragraph 203 states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of Paragraph 203.

204.    Paragraph 204 states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of Paragraph 204.

205.    Paragraph 205 states conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations of Paragraph 205.

206.    Federal Defendants deny the allegations of Paragraph 206.

207.    Federal Defendants deny the allegations of Paragraph 207.

The remainder of South Carolina's Complaint constitutes South Carolina's request for relief, to which no response is required. To the extent a response may be required, Federal Defendants deny that South Carolina is entitled to any relief.

## **GENERAL DENIAL**

Federal Defendants deny any allegations of the Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

## **AFFIRMATIVE OR OTHER DEFENSES**

Without limiting or waiving any defenses available to them, Federal Defendants hereby

assert:

    A. The Court lacks jurisdiction over some or all of South Carolina's claims.

    B. One or more of South Carolina's claims for relief fails to state a claim upon which relief can be granted.

Federal Defendants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against South Carolina, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 17th day of November, 2023.

**TODD KIM**
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Angela N. Ellis*
ANGELA N. ELLIS (DC Bar No. 1670713)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Tel: (202) 305-0479
Fax: (202) 305-0506
Email: angela.ellis@usdoj.gov

JEFFREY HUGHES (N.Y. Bar No. 5367214)
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M St. NE
Washington, DC 20002
Tel: (202) 305-4598
Fax: (202) 514-8865
Email: jeffrey.hughes@usdoj.gov

BETH DRAKE (#5598)
Assistant United States Attorney
1441 Main Street, Suite 500

Columbia, SC 29201
Tel: (803) 929-3061
Email: beth.drake@usdoj.gov

*Attorneys for Federal Defendants*